**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| OMAR GRIFFIN, et al., | )   No.: 4:18-CR-147-LGW-JEG |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT HOOPER'S MOTION TO SUPPRESS AND REQUEST FOR
JACKSON-DENNO HEARING**

COMES NOW Defendant VINCENT HOOPER ("Mr. Hooper" or "Defendant") through undersigned counsel, and files this Motion to Suppress any statements made by him to law enforcement officers on or about March 7, 2018 and to conduct a hearing to determine the voluntariness of those statements. In support of this Motion, Defendant submits the following:

### I.     PROCEDURAL HISTORY

On June 6, 2018, Mr. Hooper, along with 13 others, was indicted and charged in a single count of conspiracy to possess with intent to distribute and distribution of controlled substances in violation of 21 U.S.C. § 846. Doc. 1. On June 27, 2018, Mr. Hooper was arraigned and entered a plea of not guilty. Doc. 104. On August 8. 2018, a superseding indictment was returned again charging Mr. Hooper in the conspiracy count, along with a single count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), a single count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), and a single count of possession

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 1 of 6

of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Doc. 187-1.

## II.      STATEMENT OF FACTS[1]

On March 7, 2018, following the arrest of co-defendant Barrington Miller at Mr. Hooper's house on Palm Avenue, officers including Postal Inspector Plumley interrogated Mr. Hooper at his dining room table.[2]

The recorded portion of the interview lasted 22 minutes and 16 seconds, but that recording does not include an execution of the "consent search" form produced by the government. On the most generous reading of the government's evidence, Inspector Plumley began the interrogation at 8:48 p.m., after officers discovered numerous weapons and 18.3 pounds of marijuana belonging to Barrington Miller inside Mr. Hooper's safe. See "180307_0002.mp3" (Interview of Vincent Hooper by Plumley, et al.). See also "171129114   _CASE FILE.pdf" (Chatham-Savannah CNT Incident Property Listing) at 40, 64-68 (listing Barrington Miller as owner). Plumley continued the interrogation while other officers continued to search Mr. Hooper's house. *See e.g.* Interview at 8:07 ("you hear the dog coming in the door right now").

During the interrogation, Plumley repeatedly told Mr. Hooper, "I don't want you to get jammed up for a position [Miller] put you in," Interview at 6:05, 13:54, and

---

[1] Pursuant to LCrR 12.1, the following facts are drawn from evidence produced by the government in discovery.

[2] The circumstances surrounding the arrest and warrantless search of Mr. Hooper's house are the subject of an independent Motion to Suppress, doc. 261. To the extent Mr. Hooper's consent to be interrogated by Plumley, et al. is predicated upon the illegal search, it is incurably tainted by that search.

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 2 of 6

"I want to get you ahead of this; you're not a suspect." *Id*. at 8:56. "I'd rather you be a witness [who] go[es] to court and go[es] home [and not] to prison." *Id*. at 9:05. "[If] we gonna have to come back" then "there's gonna be problems." *Id*. at 9:41. "I don't want you to lose that job [at Russo's Seafood]." *Id*. at 10:37. "We pay good money for information." *Id*. at 11:10. Finally, as the interrogation was nearing an end, "[t]he dog alerted to something else." *Id*. at 18:12.

As a result of Plumley's coercion, Mr. Hooper conceded that he had assisted in moving the guns and drugs into the safe and had not called law enforcement officers during the intervening time of approximately 24 hours. Mr. Hooper further admitted to ownership of three antique shotguns and a "small quantity" of marijuana for personal use.

### III.   ARGUMENT AND CITATION TO AUTHORITY
#### a.  Standard of Review

Prior to introducing any statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily. *Id*. A defendant's statement shall be deemed voluntary if the totality of the circumstances show it to be the "product of an essentially free and unconstrained choice by the maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973); *Hubbard v. Haley*, 317 F.3d 1245, 1252-53 (11th Cir. 2003)). Mr. Hooper's statements cannot be used at trial unless the government can show that the statements were a product of his rational intellect and free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978).

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 3 of 6

### b. Mr. Hooper's statements were not voluntary and even if voluntary were tainted by the prior illegal search.

To the extent the government contends that the causal connection between the illegality of the search and Mr. Hooper's statements during the interrogation had "become so attenuated as to dissipate the taint" such that the Mr. Hooper's statements could be considered an act of free will, *Wong Sun v. United States*, 371 U.S. 471, 486 (1963), Mr. Hooper requests that this Court hold a hearing to determine the voluntariness of his statements, *Jackson v. Denno*, 378 U.S. 368 (1969), and to test the taint of the prior illegal search. *Wong Sun*, 371 U.S. at 486 (as cited in *United States v. Solano-Mendoza*, 2:18-cr-15 (M.D. Ala. June 29, 2018)).

A court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." *Sims v. Georgia*, 385 U.S. 538,544, 87 S.Ct. 639, 643 (1967). A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession. *See Jackson, supra*; *United States v. Davidson*, 768 F.2d 1266 (11th Cir. 1985); *Martinez v. Estelle*, 612 F.2d 173, 176-77 (5th Cir. 1980).

The hearing mandated under *Jackson, supra*, "must afford the defendant an opportunity to testify regarding the inculpatory statement out of the jury's presence without prejudice to his right not to take the stand in his defense." *Jarrell v. Balkcom*, 735 F.2d 1242, 1252-53 (11th Cir. 1984). Although Mr. Hooper was reportedly "advised that he was not under arrest and did not have answer (sic) any questions" by interrogating officers, the totality of the circumstances surrounding Mr. Hooper's interrogation renders the statement(s) in this case involuntary. Mr. Hooper's alleged

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 4 of 6

statements are therefore inadmissible for all purposes, including impeachment, because they were made involuntarily. *Mincey*, 437 U.S. at 398.

## IV.    CONCLUSION

Here, the government cannot carry its burden of showing that the statements by Inspector Plumley were mere innocuous nudging to get Mr. Hooper to incriminate himself. Rather, officers' conduct throughout the interview indicate that Mr. Hooper did not voluntarily incriminate himself in a conspiracy about which he knew very little if anything. Moreover, even if the statements were voluntarily made, the officers' repeated references to illegally procured evidence weighs heavily in favor of a finding that the consent is the fruit of the poisonous tree of the illegal search. Therefore the statements should be suppressed.

WHEREFORE, Mr. Hooper respectfully requests:

a) that the Court hold a hearing to determine the voluntariness of Defendant's statements and test the causal link between the illegal search and the statements made.

RESPECTFULLY SUBMITTED, this 15th day of October 2018.

/s/ Cameron C. Kuhlman
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Defendant*

DUFFY & FEEMSTER, LLC
P.O. Box 10144
Savannah, Georgia 31412
(912) 236-6311 Telephone
(912) 236-6423 Facsimile
cck@duffyfeemster.com

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 5 of 6

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Submitted this 15th day of October, 2018.

<u>/s/ Cameron C. Kuhlman</u>
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Defendant*

United States v. Griffin, et al.
U.S. District Court for the Southern District of Georgia
Page 6 of 6