1

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                   SAVANNAH DIVISION


UNITED STATES OF AMERICA              )
                                      )
        vs.                           )
                                      )          CASE NO.
VINCENT HOOPER,                       )  4:18-CR-00147-LGW-CLR-12
                                      )
               Defendant.             )
```

```
                     RULE 11 PROCEEDING
            BEFORE THE HONORABLE LISA GODBEY WOOD
                  June 6, 2019; 2:41 p.m.
                     Savannah, Georgia
APPEARANCES:

For the Government:         BRADFORD COLLINS PATRICK, Esq.
                            U. S. Attorney's Office
                            Savannah
                            P. O. Box 8970
                            Savannah, Georgia  31412
                            (912) 201-2555
                            bradford.patrick@usdoj.gov


For the Defendant:          CAMERON C. KUHLMAN, Esq.
                            Duffy & Feemster, LLC
                            340 Eisenhower Drive
                            Suite 800
                            Savannah, Georgia  31406
                            (912) 236-6311
                            cck@duffyfeemster.com


Reported by:                Debbie Gilbert, RPR, CCR
                            Official Court Reporter
                            801 Gloucester Street
                            Post Office Box 1894
                            Brunswick, GA 31521-1894
                            (912) 262-2608 or (912) 266-6006
                            debra_gilbert@gas.uscourts.gov
                              - - -
```

2

```
 1                    P R O C E E D I N G S
 2               (Call to order at 2:41 p.m.)
 3          THE COURT:  Ms. Sharp, call the next case.
 4          THE CLERK:  United States of America versus Vincent
 5   Hooper, Brad Patrick for the Government, Cameron Kuhlman for the
 6   Defense.
 7          THE COURT:  Ready for the Government?
 8          MR. PATRICK:  Yes, Your Honor, we're ready.
 9          THE COURT:  Ready for the Defense?
10          MR. KUHLMAN:  Good afternoon, Your Honor, we are now
11   ready.
12          THE COURT:  Mr. Kuhlman, approach with your client, Mr.
13   Vincent Hooper.  Are you Mr. Hooper?
14          THE DEFENDANT:  Yes, ma'am.
15          THE COURT:  We're here because the United States
16   Attorney and your own attorney say you want to change your plea
17   from not guilty to guilty to one of the counts that's pending
18   against you in this multi-count multi-defendant federal felony
19   criminal superseding indictment; is that correct?
20          THE DEFENDANT:  Yes, ma'am.
21          THE COURT:  The purpose of the proceeding this afternoon
22   is going to be for me to make sure you have an understanding of
23   the case as it's presently pending against you.
24          I want to make sure you understand all the rights that
25   you waive or give up if I decide to accept your plea of guilty.
```

3

1  I want to make sure that this is really what you want to do

2  after you've discussed it with Mr. Kuhlman and I want to make

3  sure there is really a factual basis for a plea of guilty to

4  that one count.  There will be other things that we take up as

5  we go along this afternoon.  I just want you to know right from

6  the beginning this an important step in your life.  It's not

7  something to take lightly.

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  In just a moment, I'm going to have you put

10  under oath, sworn to tell the truth.  If you don't tell the

11  truth while under oath, the Government could prosecute you for

12  perjury; understand?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Now, Mr. Hooper, is anybody making you,

15  pushing you, leaning on you to come in here and plead guilty?

16          THE DEFENDANT:  No, ma'am.

17          THE COURT:  This is what you want to do?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Swear in Mr. Hooper.

20                    VINCENT HOOPER,

21  having been first duly sworn, was examined and testified as

22  follows:

23          THE CLERK:  Please state your full name and spell your

24  last name.

25          THE DEFENDANT:  My name is Vincent Morris Hooper.  My

4

1    last name is spelled H-o-o-p-e-r.

2         THE COURT:  Mr. Hooper, what are the last four digits in

3    your social security number?

4         THE DEFENDANT:  7498.

5         THE COURT:  How old are you.

6         THE DEFENDANT:  I'm 54 years old, ma'am.

7         THE COURT:  Are you married?

8         THE DEFENDANT:  No, ma'am.

9         THE COURT:  Do you have any children?

10        THE DEFENDANT:  Yes, ma'am.

11        THE COURT:  How old are they?

12        THE DEFENDANT:  I got one 19, two of them 22, and one

13   37.

14        THE COURT:  So four altogether?

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  Where were you born?

17        THE DEFENDANT:  In Savannah, Georgia.

18        THE COURT:  Is that where you were living at the time of

19   your arrest, Savannah?

20        THE DEFENDANT:  Yes, ma'am.

21        THE COURT:  How far did you go in school?

22        THE DEFENDANT:  To the tenth grade.

23        THE COURT:  Why did you stop?

24        THE DEFENDANT:  Because I got incarcerated, ma'am.

25        THE COURT:  Do you have a GED?

5

1          THE DEFENDANT:  No, ma'am.

2          THE COURT:  What jobs have you performed?

3          THE DEFENDANT:  Well, for 21 years I worked for Charlie

4    Russo at Russo Seafood as a fish tech and a shrimp grader

5    operator.

6          THE COURT:  Tell me what, you said a fish tech?

7          THE DEFENDANT:  A fish tech.

8          THE COURT:  What is that?

9          THE DEFENDANT:  That's mostly dealing with different

10   types of fish, cleaning different types of fish, probably 12

11   species.

12         THE COURT:  You would do what to those fish?

13         THE DEFENDANT:  Clean them, filet them, yes, ma'am.

14         THE COURT:  Did there come a time when you switched jobs

15   or did you basically --

16         THE DEFENDANT:  Just basically all that time, yes,

17   ma'am.

18         THE COURT:  All right.  Have you ever been diagnosed

19   with any mental or physical disability?

20         THE DEFENDANT:  No, ma'am.

21         THE COURT:  Do you take any medications?

22         THE DEFENDANT:  Yes, ma'am, I take high blood pressure

23   medicine, gout medicine, allopurinol.

24         THE COURT:  In the last two days, have you had any drugs

25   or alcohol?

6

1          THE DEFENDANT:  No, ma'am.

2          THE COURT:  Mr. Hooper, as you appear before me right

3    now, you're presumed innocent.  What that means is the

4    Government is your accuser, and as such they have to prove that

5    you're guilty and they have got to do that by bringing forth

6    proof of guilt beyond a reasonable doubt.  You as the defendant

7    don't have to prove anything; understand?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Also know this superseding indictment that

10   was brought against you, this document that sets forth all the

11   charges against you and the others, that's not evidence.  That's

12   simply what the grand jury and the US Attorney accuse you of

13   having done but it's not evidence; understand?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Now, Mr. Kuhlman, are you appointed or

16   retained in this case?

17         THE DEFENDANT:  I'm appointed, Your Honor.

18         THE COURT:  Mr. Hooper, that means you've explained you

19   didn't have the kind of money to pay a lawyer, so Mr. Kuhlman

20   was appointed to represent you at no charge to you; is that

21   correct?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  I want you to understand that you have the

24   right to his representation at no charge to you throughout this

25   and every other phase of your case; understand?

7

1        THE DEFENDANT:  Yes, ma'am.

2        THE COURT:  Also know you don't have to plead guilty.

3   If you want to persist in a plea of not guilty, you're entitled

4   to do that, and if you were to persist in a plea of not guilty,

5   you would be entitled to a public and speedy trial by jury.

6        During that jury trial, a number of rights would belong

7   to you.  The presumption of innocence that we talked about, that

8   would follow you.  Your right to Mr. Kuhlman's representation at

9   no charge, that would follow you.

10       You would have the right to see, hear, confront and

11  cross-examine any witness that the Government might call.  You

12  would have the right to see all their evidence.

13       For your own part, you would have the right to put up

14  evidence if you wanted.  You would have the right to call

15  witnesses and use subpoenas from the court to make them appear.

16       You would have the right to take the stand and testify,

17  subject yourself to cross-examination by the US Attorney.  But

18  you would also have the right to go to trial and remain silent,

19  and if you elected to do that, nobody could call any negative

20  attention to your silence in front of the jury because that is

21  after all a constitutional right; understand?

22       THE DEFENDANT:  Yes, ma'am.

23       THE COURT:  Do you understand that if you plead guilty

24  and I decide to accept your plea, you will have waived, that is,

25  given up all the rights that are associated with a trial by

8

1    jury.  In fact, there will be no trial of any kind.  Essentially

2    what will remain of your case is the sentencing phase;

3    understand?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Do you have any questions about the waiver

6    of those rights?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  Well, have you and Mr. Kuhlman had the

9    opportunity to talk about the facts and the law as they pertain

10   to your case?

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:  Has he gone over with you that superseding

13   indictment?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Have you and he gone over this plea

16   agreement you're proposing?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Has he talked to you at least in general

19   terms about the federal sentencing guidelines?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Are you satisfied with his representation?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  Do you have any complaints about it?

24         THE DEFENDANT:  No, ma'am.

25         THE COURT:  Although I understand that you and Mr.

9

1   Kuhlman have gone through the indictment together, it's my

2   obligation to cover it with you as a part of this proceeding.

3   As I said at the outset, it's a multi-count federal felony

4   criminal superseding indictment.  It lists a number of charges

5   against you, but I understand you're here offering to plead

6   guilty only to Count 26.

7          Let me cover the whole thing with you as it presently

8   stands.  Count 1 charges conspiracy to possess with intent to

9   distribute and to distribute controlled substances, cocaine and

10  marijuana, namely, in violation of 21 USC Section 846.  You're

11  not offering to plead guilty to that count.

12         Count 23 alleges possession with intent to distribute a

13  controlled substances, that is, marijuana, in violation of 21

14  USC Section 841(a)(1) and you're not offering to plead guilty to

15  Count 23.

16         Count 26, which as I understand is the count to which

17  you're offering to plead guilty, alleges possession of a firearm

18  by a prohibited person in violation of 18 USC Section 922(g).

19         Specifically, Count 26 alleges that on March 7, 2018 in

20  Chatham County, which is in the Southern District, you were a

21  person who had been convicted of a crime punishable by

22  imprisonment for a term exceeding a year.  It further alleges

23  that you possessed in and affecting commerce certain firearms,

24  namely a Ruger P-94 nine-millimeter pistol, an Anderson

25  5.56-millimeter rifle, a Taurus Raging Bull .454 revolver, a

10

1    Ruger Super Red Hawk .44-caliber, Romarm 7.52x39-millimeter, a

2    DPMS A-15, a Mossberg 12-gauge shotgun, a Savage 12-gauge

3    shotgun, 20-gauge shotgun manufactured by FIF Corp, a Century

4    Arms C-15 Sporter .223 rifle, and an Aero Precision X-15

5    5.56-millimeter rifle, all which they allege had been

6    transported in interstate commerce and all done it alleges in

7    violation of 18 USC Section 922(g)(1).

8         It's my understanding that the Government is going

9    forward pursuing forfeiture of your interests in any of those

10   weapons and ammunition that may be referenced.

11        MR. PATRICK:  That is correct, Your Honor.  I did want

12   to clarify one thing as will be shown in the factual basis a

13   little later and as memorialized in the plea agreement.

14        The Government intends, for purposes of the plea today,

15   to establish a factual basis for the defendant's possession of

16   the Ruger P-94 nine-millimeter pistol, and in exchange for

17   defendant's guilty plea, the Government agrees not to take a

18   position at sentencing as to the number of firearms that he is

19   responsible for.

20        The consent order of forfeiture does forfeit any

21   interest the defendant may have in all of the firearms listed in

22   Count 26 of the superseding indictment.

23        THE COURT:  And the record will reflect the Government's

24   position in that regard, and for the present purpose, I want to

25   make sure that Mr. Hooper understands that that's what's

11

1    contained in the indictment at present with regard to Count 26.

2    It does allege that all of those weapons were possessed by you

3    after a time that you had been convicted of a felony.

4         Let me also say that you're also charged in Count 28

5    with being in possession of a firearm in furtherance of a drug-

6    trafficking offense in violation of 18 USC Section 924(c), and

7    you're not offering to plead guilty to that count, just Count

8    26.

9         So my question to you, Mr. Hooper, is:  Do you

10   understand that's what's set forth against you in the

11   superseding indictment?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  Now in order to convict you of that sole

14   count, Count 26, the Government would have to prove beyond a

15   reasonable doubt what are called the essential elements of that

16   offense and the essential elements of this particular offense

17   are two-fold.  The Government would have to prove beyond a

18   reasonable doubt first that you knowingly possessed a firearm in

19   or affecting commerce and, second, that before possessing that

20   firearm you had been convicted of a felony, that is, a crime

21   punishable in prison for more than a year.  Do you understand

22   those are the essential elements of that offense?

23        THE DEFENDANT:  Yes, ma'am.

24        THE COURT:  And that by pleading guilty you admit that

25   they are satisfied?

12

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Now, the maximum possible punishment that I

3   could ever impose for a violation in your case is imprisonment

4   for not more than ten years, a fine of not more than

5   $250,000.00, supervised release of not more than three years and

6   a $100.00 special assessment.  Do you understand those are the

7   maximum possible penalties I could impose?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  A couple of followup concepts about

10  punishment.  That phrase "supervised release" means after you

11  get out of prison, you will have to follow the rules that I set

12  forth for a number of years.  Those rules may include but not be

13  limited to a requirement that you get a job, that you not

14  violate any law, that you be subject to certain drug screens and

15  certain searches, and if you were to fail to live up to the

16  terms of supervised release, you could wind up back in prison;

17  understand?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Also want you to be familiar with those

20  sentencing guidelines that I mentioned.  They are not mandatory.

21  They are advisory.  It's still my duty to calculate what that

22  advisory guideline range is going to be in your case and to

23  think about that range along with possible departures under

24  those guidelines themselves and then to also consider all the

25  sentencing factors that are set forth in our federal sentencing

13

1  statute, 18 USC Section 3553.

2  Once I consider all those things, it will result in me

3  imposing a punishment on you that's either within the advisory

4  guideline range or it could be below it; it could be above it.

5  Now some of the major factors that go into figuring all

6  that out are your criminal history, your role in the offense,

7  what it was you did, and whether you came here and told the

8  truth and accepted responsibility for your actions.

9  Those are some of the major factors that go into it.

10  There's others.  Do you understand all that?

11  THE DEFENDANT:  Yes, ma'am, I do.

12  THE COURT:  Do you have any questions about any of it?

13  THE DEFENDANT:  No, ma'am.

14  THE COURT:  Has anybody promised you an exact sentence?

15  THE DEFENDANT:  No, ma'am.

16  THE COURT:  That's good because right now all they can

17  do is give you their best guess and it wouldn't be binding on

18  me; understand?

19  THE DEFENDANT:  Yes, ma'am.

20  THE COURT:  Well, in representing you, Mr. Kuhlman has

21  apparently negotiated with the US Attorney's Office trying to

22  reach a plea agreement in your case.  Did he have your

23  permission to do that?

24  THE DEFENDANT:  Yes, ma'am.

25  THE COURT:  We will take that agreement up.  Mr.

14

1    Patrick, if you will stand and summarize its provisions.

2         MR. PATRICK:  Yes, Your Honor.

3         The material terms of the plea agreement are as follows.

4    The defendant agrees to plead guilty to Count 26 of the

5    superseding indictment and to the factual basis set forth in the

6    plea agreement.

7         The Government agrees to move for a third level

8    reduction for acceptance of responsibility if the defendant

9    qualifies for such a reduction.  The Government agrees at

10   sentencing to move to dismiss the remaining counts of the

11   superseding indictment against him.

12        The Government, as I mentioned earlier, agrees to take

13   no position at sentencing regarding the number of firearms

14   attributable to the defendant for purposes of Section 2K2.1 of

15   the sentencing guidelines.

16        The defendant agrees to pay restitution for the full

17   loss caused by his total criminal conduct.  Defendant agrees

18   that, if he chooses -- this is his choice -- to provide full,

19   complete, candid and truthful cooperation to the Government, the

20   Government in its sole discretion will decide whether that

21   cooperation qualifies as substantial assistance that warrants

22   the filing of a motion for a downward departure or a reduction

23   in sentence.

24        The defendant agrees to forfeit his interest in the ten

25   firearms listed in Paragraph 9(a) of the plea agreement, and

15

1  that includes any interest he may have to those firearms.

2        The defendant also agrees to waive his right to appeal

3  subject to exceptions I expect The Court will review along with

4  a waiver of his right to collaterally attack his conviction also

5  subject to limited exceptions.

6        Lastly, the defendant agrees to waive his rights under

7  the Freedom of Information Act and the Privacy Act, Rule 11(f)

8  of the Federal Rules of Criminal Procedure and Rule 410 of the

9  Federal Rules of Evidence.

10        I have a copy of the plea agreement that I would like to

11  tender to The Court and I would like to verify with counsel that

12  it contains his signature as well as the signature of the

13  defendant.

14        THE DEFENDANT:  Yes.

15        MR. PATRICK:  Is that your signature?

16        MR. KUHLMAN:  That's my signature.  If you will just

17  allow me confirm my initials.

18        MR. PATRICK:  Sure.

19        MR. KUHLMAN:  This is, in fact, a copy of the agreement.

20        THE COURT:  All right.

21        MR. PATRICK:  The agreement is also signed for the

22  Government by AUSA Chris Howard.  There's also a consent order

23  of forfeiture that's been executed by the parties, I believe,

24  that we would also like to tender at the same time to The Court.

25        THE COURT:  If you will pass that consent order up once

16

1   you verify those signatures, and I will enter it today.

2          MR. PATRICK:  Once again, for the purposes of the

3   consent order of forfeiture, will the defendant and his counsel

4   please verify his signatures?

5          THE DEFENDANT:  Yes.

6          MR. KUHLMAN:  Yes, that's my signature.

7          MR. PATRICK:  And also signed for the Government by

8   Chris Howard.

9          THE COURT:  Thank you, Mr. Patrick.

10         Mr. Kuhlman, is that summary consistent with the

11  agreement that you negotiated?

12         MR. KUHLMAN:  I think that's right, Your Honor.

13         THE COURT:  Any discrepancies of which you're aware?

14         MR. KUHLMAN:  Just to follow up on the Government's

15  clarification, Mr. Hooper is here today offering to plead guilty

16  to the 922(g) count with the factual basis arising out of the

17  pistol.

18         THE COURT:  All right.  And Mr. Hooper, is that summary

19  consistent with the agreement that you signed?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  And did you read it before you signed it?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  Other than the provisions that are contained

24  in that plea agreement, has anybody made you any promises about

25  the outcome of your case?

1    THE DEFENDANT:  No, ma'am.

2    THE COURT:  I do want to emphasize one part of the plea

3  agreement, and in this plea agreement that you're proposing is a

4  waiver of certain appeal rights.  It states, "Defendant entirely

5  waives his right to a direct appeal of his conviction and

6  sentence on any ground."  There are, however, three exceptions

7  to that waiver, meaning if but only if one of these three things

8  were to occur would you get an appeal right pursuant to this

9  agreement:  Number 1, if I sentence you above that statutory

10  maximum, you could appeal that directly; Number 2, if I sentence

11  you above the advisory guideline range as found by me, you could

12  appeal that directly; or Number 3, if the Government were to

13  file a direct appeal, then you could file one as well.

14  Otherwise, this plea agreement waives all other direct appellate

15  rights; understand?

16    THE DEFENDANT:  Yes, ma'am.

17    THE COURT:  Any questions about that waiver?

18    THE DEFENDANT:  No, ma'am.

19    THE COURT:  Also contained in the agreement is a waiver

20  of certain collateral attack rights.  It states, "Defendant

21  entirely waives his right to collaterally attack his conviction

22  and sentence on any ground and by any method including but not

23  limited to a 28 USC Section 2255 motion."

24    Now, there is an exception to that waiver, and that is,

25  pursuant to this agreement, you retain the right to collaterally

18

1   attack based on a claim of ineffective assistance of counsel.

2   But otherwise this agreement waives all other collateral attack

3   rights; understand?

4        THE DEFENDANT:  Yes, ma'am.

5        THE COURT:  Any questions about that waiver?

6        THE DEFENDANT:  No, ma'am.

7        THE COURT:  Well, Mr. Kuhlman, as an officer of the

8   court, are you aware of any impropriety on the part of the

9   Government in handling Mr. Hooper's case?

10       MR. KUHLMAN:  I am not, Your Honor.

11       THE COURT:  And Mr. Patrick, are you aware of any

12  impropriety on anyone's part in handling this case?

13       MR. PATRICK:  No, Your Honor.

14       THE COURT:  Well, Mr. Hooper, do you still want to plead

15  guilty to Count 26?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Do you want to plead guilty to Count 26

18  because you are, in fact, guilty of it?

19       THE DEFENDANT:  Yes, ma'am.

20       THE COURT:  You understand the rights and the privileges

21  that you waive or give up if I accept your plea?

22       THE DEFENDANT:  Yes, ma'am.

23       THE COURT:  Let the record reflect that Mr. Vincent

24  Hooper is 54 years old.  He's not married.  He has four

25  children.  He was born in Savannah, and that's where he was

1  living at the time of this arrest.  He went to the tenth grade

2  and then went on to work a long time in the seafood industry.

3  He's not laboring under any disabilities.  He does take

4  medication for high blood pressure and gout.  He's not under the

5  influence of any drugs or alcohol.

6      I've watched him as he's interacted with me in court

7  this afternoon.  It's clear he's participating intelligently and

8  knowingly.  He's had the services of an excellent defense lawyer

9  who has gone over all of the necessary pleadings and concepts

10  with him.

11      In short, I find that Mr. Hooper's offer to plead guilty

12  to Count 26 is knowing.  I also find that's voluntary; is that

13  correct, Mr. Hooper?

14      THE DEFENDANT:  Yes, ma'am.

15      THE COURT:  Therefore, I'll approve of the plea

16  agreement.  Let me call on Mr. Patrick for a factual basis and

17  you two may have a seat while he does so.

18      MR. PATRICK:  The Government calls Postal Inspector

19  Thomas Plumley.

20          US POSTAL INSPECTOR THOMAS PLUMLEY,

21  having been first duly sworn, was examined and testified as

22  follows:

23      THE CLERK:  Thank you.  Please be seated.  And if you

24  will please state your full name and spell your last name and

25  your occupation and your business address for the record.

20

1          THE WITNESS:  Thomas Plumley, P-l-u-m-l-e-y.  United

2     States postal inspector, 9 Chatham Center South, Savannah,

3     Georgia 31405.

4                        DIRECT EXAMINATION

5     BY MR. PATRICK:

6     Q.    Good afternoon.  As a US postal inspector, are you

7     familiar with the case involving Vincent Hooper?

8     A.    Yes.

9     Q.    And March 7th, 2018, was law enforcement attempting to

10    locate and arrest Barrington Miller?

11    A.    Yes, sir.

12    Q.    Was law enforcement able to track Mr. Miller to Mr.

13    Hooper's residence at 8 Palm Avenue in Savannah, Georgia?

14    A.    Yes.

15    Q.    Once at that residence, did they locate and arrest Mr.

16    Miller?

17    A.    Yes, sir.

18    Q.    Did they also search Mr. Hooper's residence, including his

19    bedroom?

20    A.    Yes, sir.

21    Q.    Under his bed pillow, did law enforcement find a Ruger

22    nine-millimeter pistol that's identified in Count 26?

23    A.    Yes.

24    Q.    Did Mr. Hooper also have a gun safe in his bedroom?

25    A.    Yes, sir.

1    Q.    Did he provide law enforcement access to that gun safe?

2    A.    Yes.

3    Q.    Inside that safe were there ten additional firearms

4    identified in Count 26?

5    A.    Yes, sir.

6    Q.    Was Mr. Hooper interviewed on March 7th?

7    A.    Yes.

8    Q.    Did he admit that he had the Ruger pistol for

9    approximately a year?

10   A.    Yes, sir.

11   Q.    Prior to March 7th, had Mr. Hooper been convicted of a

12   felony offense?

13   A.    Yes, sir.

14   Q.    Was there an interstate nexus determination made on the

15   Ruger pistol?

16   A.    Yes, sir.

17   Q.    Has it been found to have been manufactured outside of the

18   state of Georgia?

19   A.    Yes, sir.

20         MR. PATRICK:  Nothing further, Your Honor.

21         THE COURT:  Mr. Kuhlman, any questions for the postal

22   inspector?

23         MR. KUHLMAN:  Just a couple brief.

24                     CROSS-EXAMINATION

25   BY MR. KUHLMAN:

22

1  Q.   Good afternoon, Inspector Plumley.

2  A.   Good afternoon.

3  Q.   Is it true that you are not only the case agent but you

4  also participated in the search of Mr. Hooper's residence?

5  A.   I'm one of the case agents, yes, sir.

6  Q.   And during that search and subsequent interview, you also

7  participated in the interview of Mr. Hooper?

8  A.   Yes, sir.

9  Q.   And is it true that during the course of that conversation

10  that you said words to the effect of "we're not suggesting that

11  the rifles belong to you, Mr. Hooper"?

12  A.   I do not remember my conversation with him.

13  Q.   Is it fair to say that Mr. Hooper during that conversation

14  admitted to the possession of the pistol that was under his

15  pillow?

16  A.   Yes, sir.

17       MR. KUHLMAN:  No further questions, Your Honor.

18       THE COURT:  Any redirect?

19       MR. PATRICK:  No, Your Honor.

20       THE COURT:  You may step down.

21       THE WITNESS:  Thank you, Your Honor.

22       THE COURT:  Mr. Kuhlman and Mr. Hooper, reapproach.

23       Mr. Hooper, do you dispute the testimony that the postal

24  inspector gave that you possessed a Ruger pistol after you had

25  been convicted of a felony?

23

1           THE DEFENDANT:  No, ma'am.

2           THE COURT:  Do you admit the truth of that part of his

3    testimony?

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  Based on the record made at this proceeding,

6    I'm satisfied there's a factual basis for a plea of guilty to

7    Count 26 of the superseding indictment.  Let it be entered.

8           THE CLERK:  Plea of guilty has been entered, Your Honor.

9           THE COURT:  The plea of guilty is accepted, and I now

10   adjudge you guilty of Count 26 of the superseding indictment.

11   The probation officer will conduct a presentence investigation.

12   He will issue a report and disclose that report to the defense

13   and to the Government and will thereafter schedule your

14   sentencing hearing.

15          Mr. Hooper, I will remand you back to the custody of the

16   US Marshal, and counsel, we will be in recess.

17          (Proceeding concluded at 3:07 p.m.)

18

19

20

21

22

23

24

25

24

1                          CERTIFICATION

2

3          I certify that the foregoing is a true and correct

4     transcript of the stenographic record of the above-mentioned

5     matter.

6

7

9     _____        08/17/2019

10    Debra Gilbert, Court Reporter          Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25